Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_Middle_ District of _Florida_

_Jacksonville_ Division

| | | |
|---|---|---|
| MR. TYSON N. WATSON | ) | Case No. 3:24-cv-505-TJC-JBT |
| _Plaintiff(s)_ | ) | _(to be filled in by the Clerk's Office)_ |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) | |
| -v- | ) ) | _Plaintiff Demands Jury Trial_ |
| | ) ) | |
| MR. C.    A. CAMPOS | ) ) | |
| _Defendant(s)_ | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | ) ) | |
| In His Individual Capacity | | |

Provided to Suwannee Correctional Institution on:

MAY 1 3 2024

for mailing, by:

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tyson Nathaniel Watson |
| All other names by which you have been known: | |
| ID Number | 195947 |
| Current Institution | Suwannee Correctional Institution |
| Address | 5964 U.S. Highway 90 |
| | Live Oak     Florida    32060-8694 |
| | *City*    *State*    *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Mr. C. A. Campos |
| Job or Title *(if known)* | Correctional Officer (in Sep.-Oct. of 2023) |
| Shield Number | Not Known |
| Employer | Suwannee Correctional Institution |
| Address | 5964 U.S. Highway 90 |
| | Live Oak     Florida    32060-8694 |
| | *City*    *State*    *Zip Code* |

☒ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*    *State*    *Zip Code* |

☐ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

                      *City*          *State*         *Zip Code*
    ☐ Individual capacity   ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

                      *City*          *State*         *Zip Code*
    ☐ Individual capacity   ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1.  Deliberate Indifference, violating Eighth Amendment, U.S. Constitution

2.  Denial of Due Process, violating Fourteenth Amendment, U.S. Constitution

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

                N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Acting under color of state law to provide for the care, custody, and control of Plaintiff Defendant Campos violated Plaintiff's Federal rights.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☑   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Not applicable

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

The events in this claim arose at the Main Unit of Suwannee Correctional Institution, in Quad #4 of H-Dorm during out-of-cell dayroom activity period.

II.D   STATEMENT OF FACTS, continued: (Page 1 of 5)

## INTRODUCTION

" This civil rights action is filed by Plaintiff Tyson N. Watson, demanding trial by jury, for damages, under 42 U.S.C. §1983, alleging deliberate indifference to Plaintiff's safety and denial of due process of law by Defendant C. A. Campos. Plaintiff has personal Knowledge of the facts herein and is competent to testify about them.

## JURISDICTION

1.    This Court has jurisdiction over Plaintiffs' claims under 42 U.S.C. §§ 1331 (1) and 1343.

## PARTIES

2.    Plaintiff was incarcerated at Suwannee Correction Institution ("S.W.C.I.") during the events described herein.

3.    Defendant, acting under color of state law, is sued in his individual capacity. Defendant was a correctional officer who was employed at S.W.C.I. during the events described herein.

## FACTS

4.    On September 29, 2023 during the 4:00 p.m. to 12:00 a.m. shift Plaintiff was in Wing # 4 of H-Dorm when Correctional Officer R.W. Mace pulled Plaintiff out of cell # H-4106 and Defendant pulled (escorted) Inmate Johnny Burgess D.C. # U05762 out of cell # H-4107, and Defendant was responsible for ensuring that no contraband or weapons were present by conducting a proper unclothed search on Inmate Burgess prior to him exiting his cell.

## II. D.  STATEMENT OF FACTS, continued: (Page 2 of 5)

5.  Defendant was also responsible for securing handcuffs on Inmate Burgess in order to prevent him from freeing his hands without authorization from correctional staff.

6.  Plaintiff was removed from his cell in order to participate in dayroom activity. Plaintiff was fully and properly secured with handcuffs on his hands and shackles on his feet, and Plaintiff's mobility was restricted because he was locked in a therapeutic activity restraint chair, during dayroom activity time, in Wing #4.

7.  Plaintiff informed Defendant that earlier, during the 7:00 a.m. to 4:00 p.m. day shift H-Dorm Lieutenant Courtney Knight and H-Dorm Sergeant Brian Peacock threatened to have Plaintiff beaten up later on after the audit staff left, and that Plaintiff had observed Inmate Burgess slipping out of his handcuffs and glancing at Plaintiff. This was at approximately 8:00 p.m.

## I.  Defendant's Deliberate Indifference To Plaintiff's Safety

8.  In response, Defendant said that he fully supported the day shift guards' plan to have Plaintiff beaten up.

9.  Shortly afterwards, Defendant escorted Inmate Burgess towards Plaintiff. But then Defendant stopped and allowed Inmate Burgess to continue walking towards Plaintiff. At this time Defendant did not have a custodial grasp on Inmate Burgess.

10.  Once Inmate Burgess came closer Plaintiff saw that he was completely out of the handcuffs and that he held a small homemade knife while still walking towards Plaintiff.

11.  Immediately, Plaintiff made eye contact with Defendant and told him that Inmate Burgess was out of the handcuffs and was walking towards Plaintiff while holding a homemade knife.

## II. D.    STATEMENT OF FACTS, continued: (Page 3 of 5)

**12.** Defendant merely smiled with a smirk at Plaintiff, but did not verbally order or physically try to stop Inmate Burgess from reaching Plaintiff. This was deliberate indifference.

**13.** Defendant knew that by failing to stop Inmate Burgess from reaching Plaintiff that Plaintiff would be at risk of substantial harm.

**14.** As a direct result of Defendant's failure Inmate Burgess attacked Plaintiff, striking him repeatedly on his head, face, neck and back, and so viciously that Inmate Burgess knocked Plaintiff's eyeglasses off his face.

**15.** While Plaintiff tried to shield his head with his hands Inmate Burgess stabbed Plaintiff.

**16.** From this attack Plaintiff temporarily lost consciousness, but also suffered significant pain to his head, face and back for nearly three weeks that disrupted Plaintiff's daily movement while awake and even his attempting to sleep.

**17.** Also from this attack Plaintiff sustained swollen eye area that later bruised, a bloody nose, several bruises on his upper body, puncture wounds to his head and both hands, and a piece of the homemade knife that broke off and remained very painfully embedded in Plaintiff's scalp until Doctor Muhammed Z. Islam, M.D. removed it on October 18, 2023.

**18.** After Defendant placed Inmate Burgess on the ground next to where Plaintiff sat Defendant commended him on attacking Plaintiff, but also telling Inmate Burgess to slip his hands back into the handcuffs before the other guards arrived and realized that Defendant placed the handcuffs on Inmate Burgess loose enough for him to slip out of them in order to attack Plaintiff during dayroom activity time.

II. D  STATEMENT OF FACTS, continued: (Page 4 of 5)

19.    After this attack Defendant said that if any inmate who was present reported that Defendant allowed the attack to occur then that inmate would be beaten up next.

20.    During the medical assessment after this attack Plaintiff told the nurse of his injuries and complaint of significant pain. But all of this was not documented that evening on September 29, 2023, and subsequent requests for medical attention to all of Plaintiff's injuries and pain were not completely responded to.

21.    Defendant knew that by his failure and deliberate indifference to Plaintiff's safety that Plaintiff would be at risk of substantial harm.

22.    Defendant's failure and deliberate indifference to Plaintiff's safety was malicious and sadistic, and was a reckless disregard for Plaintiff's safety, and was the proximate cause of Plaintiff suffering a wanton infliction of substantial harm and pain during this attack on Plaintiff.

## II.  Due Process Protection Denied

23.    Plaintiff submitted grievances about Defendant and this attack at S.W.C.I. and at Florida State Prison, but neither facility logged them and responded to them.

24.    However, on January 29, 2024 Plaintiff exhausted all administrative remedies available to him by filing Grievance, Log #2401-119-266 which was approved in regards to Plaintiff's claims against Defendant.

25.    Plaintiff's need to be free from deliberate indifference to his safety is a right that is independently-protected by the U.S. Constitution.

II. D.    STATEMENT OF FACTS, continued: (Page 5 of 5)

26. Plaintiff has a liberty interest in such a need not being infringed upon by Defendant.

27. Defendant's sadistic and maliciously wanton infliction of harm and pain upon Plaintiff infringed upon the due process of his independently-protected liberty interest, which infringement is also strictly prohibited without exception by the professional standards and rules that concern the safety of prisoners.

## VERIFICATION

28. Plaintiff Tyson N. Watson hereby declares under the penalties of perjury that I have read the foregoing 'Statement of Facts', and that the facts stated herein and throughout this 'Civil Rights Complaint' are true and correct."

May 13, 2024                    Tyson N. Watson
Date                           Plaintiff's Signature

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_The events in these claims occurred during the evening shift, from 4:00 p.m. to 11:59 p.m. EST on September 29, 2023._

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## CLAIMS

**1.**    On September 29, 2023 the failure of Defendant Campos to reasonably protect Plaintiff from attack by another prisoner that Defendant Campos was forewarned of constitutes a malicious and sadistic deliberate indifference to Plaintiff's personal safety, and

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_The injuries Plaintiff sustained were: serious pain to head, face, and back for nearly three weeks; swelling to the eyes that later became bruises; bloody nose; bruises to upper body; loss of consciousness; swollen lumps on head; stab wounds to both hands and head; embedded knife fragment in head for nearly three weeks; utter terror, depression, anxiety, paranoia; and broken eyeglasses._

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

A.    Grant Plaintiff's Demand for a trial by jury.

B.    Award nominal damages in the amount of $1.00 against Defendant Campos for violating Plaintiff's rights.

C.    Award compensatory damages in the following amounts:

1.    $100,000.00 against Defendant Campos for the physical

## IV.D. STATEMENT OF CLAIMS, continued:

contributed to and proximately caused the unnecessary infliction of serious injury and pain to Plaintiff, in violation of the Eighth Amendment of the United States Constitution.

2.   On September 29, 2023 the actions and inactions of Defendant Campos to provide Plaintiff with reasonable protection from attack by another prisoner were outside the lawful standards regulating care to prisoners, and infringed upon Plaintiffs' independently-protected liberty interest which denied Plaintiff due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

## VI. RELIEF REQUESTED, continued:

and emotional injuries, and the pain and suffering sustained as a result of Defendant Campos being deliberately indifferent to Plaintiff's safety.

2. $50,000.00 against Defendant Campos for the deprivation of Plaintiff's independently-protected liberty interest and amenity which denied Plaintiff due process of law in connection with Defendant Campos being deliberately indifferent to Plaintiff's safety.

D. Award punitive damages in the amount of $25,000.00 against Defendant Campos for his malicious and sadistic deliberate indifference to Plaintiff's safety.

E. Grant all costs related to this case.

F. Grant such other relief as it may appear that Plaintiff is entitled.

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Suwannee Correctional Institution (Main Unit)

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

1. The constitutional claim against deliberate indifference to safety.
2. The constitutional claim against denial of due process of law.

Page 6 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

First, at Suwannee C.I.; then at Fla. State Prison; and finally at Santa Rosa C.I.

2.  What did you claim in your grievance?

It claimed that Defendant Campos failed to protect Plaintiff from being assaulted though he was aware of its imminence, and that his failure was fueled by his intent that Inmate attack on Plaintiff result in Plaintiff's injury, which violated Plaintiff's due process of law.

3.  What was the result, if any?

Plaintiff's grievances which he submitted to prison staff to be logged and filed at Suwannee C.I. and Florida State Prison were not filed, logged or responded to by prison staff. However, Plaintiff's Grievance he filed at Santa Rosa C.I. was logged under #2401-119-266, and was approved for referral to the investigative section of the Inspector General's Office.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

No additional steps are available after Plaintiff's grievance was approved, since the grievance process was completed.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_____ N/A _____

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____ N/A _____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____ None that Plaintiff is aware of at this time. _____

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____ N/A _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____ N/A _____
     Defendant(s) _____ N/A _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     _____ N/A _____

3.   Docket or index number
     _____ N/A _____

4.   Name of Judge assigned to your case
     _____ N/A _____

5.   Approximate date of filing lawsuit
     _____ N/A _____

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition. _____ N/A _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     _____ N/A _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

▨ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Tyson N. Watson

Defendant(s)   Jenne, Nightingale, Adams, Williams

2.   Court *(if federal court, name the district; if state court, name the county and State)*

U. S. District Court / S. D. Fla.

3.   Docket or index number

0:03-cv-61844-UU

4.   Name of Judge assigned to your case

Ursula Ungaro

5.   Approximate date of filing lawsuit

10/7/2003

6.   Is the case still pending?

☐ Yes

▨ No

If no, give the approximate date of disposition   12/22/2004

7.   What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

Dismissed without prejudice

VIII.   Previous Lawsuits, continued:

E.1 : Watson v. Jenne, et al.
E.2 : U.S. District Ct./S.D.Fla.   E.3 : #0:03-cv-61845
E.4 : William J. Zloch   E.5 : 10/7/03
E.6 : No / 4/26/05   E.7 : Dismissed without prejudice

F.1 : Watson v. Decker, et al.
F.2 : U.S. District Ct./M.D.Fla.   F.3 : #3:08-cv-00567
F.4 : V.M. Hernandez-Covington   F.5 : 6/5/08
F.6 : No/ 6/10/08   F.7 : Dismissed without prejudice

G.1 : Watson v. Swain, et al.
G.2 : U.S. District Ct./M.D.Fla.   G.3 : #3:08-cv-00898
G.4 : Timothy J. Corrigan   G.5 : 9/19/08
G.6 : No/ 5/16/11   G.7 : Settlement reached

H.1 : Watson v. Newell, et al.
H.2 : U.S. District Ct./M.D.Fla.   H.3 : #3:08-cv-01152
H.4 : Marcia M. Howard   H.5 : 11/28/08
H.6 : No/ 3/09/09   H.7 : Voluntarily dismissed

I.1 : Watson v. Wheeler, et al.
I.2 : U.S. District Ct./M.D.Fla.   I.3 : #3:10-cv-00990
I.4 : Marcia M. Howard   I.5 : 10/25/10
I.6 : No/ 6/9/11   I.7 : Settlement reached

VIII   Previous Lawsuits, continued:

J.1.: Watson v. Curtis, et al.
J.2.: U.S. District Ct./M.D.Fla.    J.3.: # 3:10-cv-01024
J.4.: Roy B. Dalton, Jr.    J.5.: 11/8/10
J.6.: No/ 6/09/11    J.7.: Settlement reached

K.1.: Watson v. Tifft, et al.
K.2.: U.S. District Ct./N.D.Fla.    K.3.: # 3:11-cv-00578
K.4.: Lacey A. Collier    K.5.: November of 2011
K.6.: No/ 2/22/12    K.7.: Voluntarily dismissed without prejudice

L.1.: Watson v. Godfrey, et al.
L.2.: U.S. District Ct./M.D.Fla.    L.3.: # 3:12-cv-00290
L.4.: Roy B. Dalton, Jr.    L.5.: 3/12/12
L.6.: No/ 3/12/12    L.7.: Transferred to N.D.Fla. (see below)

M.1.: Watson v. Godfrey, et al.
M.2.: U.S. District Ct./N.D.Fla.    M.3.: # 3:12-cv-00112
M.4.: Roger Vinson    M.5.: 3/15/12
M.6.: No/ 4/26/12    M.7.: Voluntarily dismissed without prejudice

N.1.: Watson v. Edelen, et al.
N.2.: U.S. District Ct./N.D.Fla.    N.3.: # 3:12-cv-365
N.4.: Elizabeth M. Timothy    N.5.: 7/2?/12
N.6.: No/ February of 2015    N.7.: Settlement reached

VIII.    Previous Lawsuits, continued:

0.1.:   Watson v. Robinson, et al.
0.2.:   U.S. District Ct./ M.D.Fla.    0.3.: # 3:12-cv-00771
0.4.:   Timothy J. Corrigan    0.5.: 7/09/12
0.6.:   No/   February of 2015    0.7.: Settlement reached


P.1.:   Watson v. Lister,
P.2.:   U.S. District Ct./ M.D.Fla.    P.3.: # 3:13-cv-1571
P.4.:   Marcia M. Howard    P.5.: 12/19/13
P.6.:   No/   February of 2015    P.7.: Settlement reached


Q.1.:   Watson v. Martin, et al.
Q.2.:   U.S. District Ct./ M.D.Fla.    Q.3.: # 3:13-cv-1572
Q.4.:   Not Known    Q.5.: 12/19/13
Q.6.:   No/   February of 2015    Q.7.: Settlement reached


R.1.:   Watson v. Ford, et al.
R.2.:   U.S. District Ct./ M.D.Fla.    R.3.: # 3:13-cv-889
R.4.:   Marcia M. Howard    R.5.: 2013
R.6.:   No/   2013?    R.7.: ?????


S.1.:   Watson v. Swain, et al.
S.2.:   Leon County, Fla.    S.3.: # 37-2009-CA-4821
S.4.:   Terry P. Lewis    S.5.: 12/10/09
S.6.:   No/   4/17/11    S.7.: Petition for Protection Against Violence

VIII.   Previous Lawsuits, continued:

T.1: Watson v. Swain, et al.
T.2: Union County, Fla.      T.3: # 63-2009-DR-0315
T.4: David L. Reiman    T.5: 12/28/09
T.6: No/ 3/15/11      T.7: Petition for Protection Against Violence

U.1: Watson v. Watts
U.2: Union County, Fla.    U.3: # 63-2010-CA-0129
U.4: Martha Ann Lott    U.5: 10/26/10
U.6: No/ 11/18/10      U.7: Writ of Replevin dismissed

V.1: Watson v. IGO, et al.
V.2: Santa Rosa County, Fla.    V.3: # 12-0261-CA
V.4: Marci L. Goodman    V.5: 2/27/12
V.6: No/ Voluntary dismissed on 5/4/12   V.7: Petition for Protection

W.1: Watson v. Melia, et al.
W.2: Suwannee County, Fla.    W.3: # 2013-50-RV
W.4: William F. Williams III    W.5: 7/11/13
W.6: No/ 7/18/13      W.7: Dismissed Petition for Protection

X.1: Watson v. Fla. Dept. of Corrections' Warden
X.2: Santa Rosa County, Fla.    X.3: # Unknown
X.4: Unknown    X.5: 2008-2010?
X.6: No/ 2008-2010?    X.7: Dismissed Habeas Corpus

VIII. Previous Lawsuits, continued:

Y.1: Watson v. Fla. Dept. of Corrections' Warden
Y.2: Union County, Fla.      Y.3: # Unknown
Y.4: Unknown          Y.5: 2008-2010?
Y.6: No/ 2008-2010?    Y.7: Dismissed Habeas Corpus


Z.1: Watson v. State of Fla.
Z.2: Palm Beach County, Fla.    Z.3: #916 So.2d 808 (Fla 4DCA 2005)
Z.4: Unknown       Z.5: Mid-2005
Z.6: No/ 12/27/05     Z.7: Criminal Appeal denied


AA.1: State of Fla. v. Watson
AA.2: Broward County, Fla.    AA.3: #02-13952 CF10A
AA.4: Ana I. Gardiner     AA.5: 7/16/07
AA.6: No/ 1/16/08     AA.7: Denied 3.850 Motion


BB.1: Watson v. State of Fla.
BB.2: Palm Beach County, Fla.    BB.3: # 992 So.2d 270 (Fla 4DCA 2008)
BB.4: Unknown        BB.5: 3/13/08
BB.6: No/ 10/22/08      BB.7: Appeal denied


CC.1: State of Fla. v. Watson
CC.2: Broward County, Fla.    CC.3: #02-13952 CF10A
CC.4: Martwell?      CC.5: 9/30/09
CC.6: No/ 11/3/09     CC.7: Denied 3.800 Motion

## VIII. Previous Lawsuits, continued:

DD.1.: State of Fla. v. Watson
DD.2.: Broward County, Fla.        DD.3.: # 02-13952 CF10A
DD.4.: Bernard I. Bober        DD.5.: 9/6/16
DD.6.: No/  4/2/18        DD.7.: Voluntary dismissed 2nd 3.850 Motion


EE.1.: State of Fla. v. Watson
EE.2.: Broward County, Fla.        EE.3.: # 02-13952 CF10A
EE.4.: Bernard I. Bober        EE.5.: 8/6/20
EE.6.: No/  5/3/21        EE.7.: Denied 3rd 3.850 Motion


FF.1.: Watson v. Suwannee Corr. Inst.
FF.2.: U.S. District Ct./M.D.Fla.        FF.3.: # 3:22-cv-00754
FF.4.: Marcia M. Howard        FF.5.: 7/8/22
FF.6.: No/  Unknown        FF.7.: Letter complaint dismissed


GG.1.: Watson v. Suwannee Corr. Inst.
GG.2.: U.S. District Ct./M.D.Fla.        GG.3.: # 3:22-cv-01443
GG.4.: Marcia M. Howard        GG.5.: December of 2022
GG.6.: No/  1/4/23        GG.7.: Letter complaint dismissed


HH.1.: Watson v. Suwannee Corr. Inst.
HH.2.: U.S. District Ct./M.D.Fla.        HH.3.: # 3:23-cv-01175-MMH-MCR
HH.4.: Marcia M. Howard        HH.5.: 10/3/23
HH.6.: No/  10/11/23        HH.7.: Letter complaint dismissed

VIII.   Previous Lawsuits, continued:

II.1: Watson v. Florida Department of Corrections
II.2: U.S. District Ct./M.D. Fla.     II.3: #3:23-cv-01177-BJD-JBT
II.4: Brian J. Davis     II.5: 10/10/23
II.6: No/ 10/13/23     II.7: Letter complaint dismissed

JJ.1: Watson v. Florida Department of Corrections
JJ.2: U.S. District Ct./M.D. Fla.     JJ.3: #3:24-cv-00081-WWB-LLL
JJ.4: Wendy W. Berger     JJ.5: 1/16/24
JJ.6: No/ 1/26/24     JJ.7: Letter complaint dismissed

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        May 13, 2024

Signature of Plaintiff        Tyson N. Watson

Printed Name of Plaintiff      Tyson N. Watson

Prison Identification #       195947

Prison Address        Suwannee Corr. Inst.; 5964 U.S. Highway 90
Live Oak                    Florida     32060-8694
            *City*                      *State*        *Zip Code*

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney        _____
Printed Name of Attorney      _____
Bar Number          _____
Name of Law Firm        _____
Address          _____
            *City*                      *State*        *Zip Code*

Telephone Number        _____
E-mail Address        _____

Page 11 of 11