# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TYSON N. WATSON,

        Plaintiff,

v.                                    Case No: 3:24-cv-505-TJC-SJH

CARLOS A. CAMPOS,

        Defendant.

_____

## <u>ORDER</u>

### I. Status

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a Civil Rights Complaint. <u>See</u> Doc. 1. He is proceeding <u>in</u> <u>forma</u> <u>pauperis</u> on an Amended Complaint, <u>see</u> Doc. 19, against one Defendant – Correctional Officer Carlos A. Campos. Plaintiff alleges Defendant Campos failed to protect him from an inmate attack, violating his rights under the Eighth Amendment.

Before the Court is Defendant's Motion to Dismiss Amended Complaint. <u>See</u> Doc. 16. Plaintiff filed a Response in opposition to the Motion to Dismiss. <u>See</u> Doc. 23. Plaintiff also moved to strike Exhibit One of the Motion to Dismiss, <u>see</u> Doc. 21, which Defendant responded to, <u>see</u> Doc. 22. Plaintiff further filed a motion for a settlement conference. <u>See</u> Doc. 24. The motions are ripe for review.

## II. Plaintiff's Allegations[1]

Plaintiff asserts that on September 29, 2023, during the 7:00 a.m. to 4:00 p.m. day shift, Lieutenant Knight and Sergeant Peacock threatened to have Plaintiff "beaten up." Doc. 1 at 6. During the 4:00 p.m. to 12:00 a.m. shift, Plaintiff informed Defendant Campos about the threat and Campos responded that "he fully supported the day shift guards' plan to have Plaintiff beaten up." Id. According to Plaintiff, later that day, Officer R.W. Mace removed Plaintiff from his cell for dayroom activity while Defendant Campos removed Inmate Burgess from his cell. Id. at 5. Before removing Plaintiff, Mace properly applied Plaintiff's hand and ankle restraints and secured him in a therapeutic activity restraint chair. Id. at 6. Plaintiff contends that before escorting Inmate Burgess from his cell, Defendant Campos was responsible for searching Inmate Burgess for contraband or weapons and accurately securing Inmate Burgess's hand restraints. Id.

Upon exiting his cell, however, Plaintiff observed Inmate Burgess slipping out of his handcuffs while looking at Plaintiff. Id. Campos then escorted

---

[1] In considering Defendant's Motion to Dismiss, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to Plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Amended Complaint and may well differ from those that ultimately can be proved.

Inmate Burgess towards Plaintiff; but Campos then released Inmate Burgess from his custodial grasp, stopped walking, and allowed Inmate Burgess to continue moving towards Plaintiff. <u>Id.</u> Plaintiff contends that as Inmate Burgess approached, he saw that Inmate Burgess had completely removed his handcuffs and was holding a small homemade knife. <u>Id.</u> Plaintiff alleges that he immediately made eye contact with Defendant Campos and advised him that Inmate Burgess was not in restraints and was armed with a knife. <u>Id.</u> But, according to Plaintiff, Campos "merely smiled with a smirk at Plaintiff" and "did not verbally order or physically try to stop Inmate Burgess from reaching Plaintiff." <u>Id.</u> at 7.

Plaintiff asserts that by failing to stop Inmate Burgess, Defendant Campos knew that Plaintiff was at risk of substantial harm, and as a direct result of Campos's failure, Inmate Burgess attacked Plaintiff, striking him repeatedly on the head, face, neck, and back. <u>Id.</u> Plaintiff maintains that when he tried to shield his head with his hands, Inmate Burgess stabbed Plaintiff, causing Plaintiff to temporarily lose consciousness. <u>Id.</u> He alleges that Defendant Campos eventually placed Inmate Burgess on the ground next to Plaintiff, commended him on attacking Plaintiff, and advised Inmate Burgess to slip his hands back into the loosely fastened handcuffs before the other guards arrived. <u>Id.</u> Defendant Campos also warned any inmate who witnessed

3

the attack that if they reported that Campos allowed the attack to occur, he would have them attacked as well. <u>Id.</u> at 8. As a result of the inmate assault, Plaintiff suffered a swollen eye, a bloody nose, several bruises to his upper body, puncture wounds to his head and hands, terror, depression, anxiety, paranoia, and broken eyeglasses. <u>Id.</u> He also contends that during the attack, a piece of the homemade knife broke off and remained embedded in Plaintiff's scalp until medical removed it on October 18, 2023. <u>Id.</u> at 7. According to Plaintiff, Campos's failure to protect him was malicious, sadistic, and a reckless disregard for Plaintiff's safety. <u>Id.</u> at 8. As relief, Plaintiff requests monetary damages. <u>Id.</u> at 10.

### III. Summary of Parties' Arguments

Defendant Campos argues that the Amended Complaint must be dismissed because Plaintiff fails to state a plausible claim for relief. Doc. 16 at 4-8. According to Campos, Plaintiff's allegations fail to establish that Defendant Campos knew Inmate Burgess posed a substantial risk of harm to Plaintiff. <u>Id.</u> at 4-5. He also contends that the video evidence, which Campos has provided as Exhibit One to his Motion to Dismiss, conclusively rebuts Plaintiff's allegations that Campos failed to timely stop Inmate Burgess's attack and shows that Defendant Campos's conduct did not amount to "gross negligence." <u>Id.</u> at 5-9.

In his Response, Plaintiff argues that he has stated a plausible failure to protect claim against Defendant Campos. Doc. 23 at 11. He has also filed a motion to strike Exhibit One, in which he contends that it is improper for the Court to consider the video evidence when ruling on a Rule 12(b) motion because it is outside the four corners of his Amended Complaint. Doc. 21. He maintains that if the Court does consider the video evidence, Defendant's Motion to Dismiss should be treated as a motion for summary judgment and asks that the Court defer ruling until Plaintiff has had an opportunity to review all the evidence. Id. at 6-7. He further alleges that Exhibit One only depicts a "selective portion of the video [and] does not present [the] totality of the incident in its proper context." Doc. 23 at 7. In his response to the motion to strike, Defendant Campos argues that the Court may consider the video evidence without construing his Motion to Dismiss as one for summary judgment because the video is "central to the claims and not disputed." Doc. 22.

## IV. Analysis

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the

5

plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Generally, a court should not consider extrinsic evidence when ruling on a motion to dismiss unless a document or other exhibit "is central to the plaintiff's claim" and incorporated by reference in the complaint. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997) ("[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto."). But the Eleventh Circuit has held a court may consider extrinsic evidence when ruling on a 12(b)(6) motion if a document

"is (1) central to the plaintiff's claim and (2) undisputed." <u>Day v. Taylor</u>, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002)). Thus, when a plaintiff, in his complaint, incorporates by reference a document or other exhibit that is central to his claim, and the opposing party does not contest the authenticity of the document or exhibit, a court may consider it when ruling on a motion to dismiss. <u>Id.</u>

Here, Plaintiff does not reference or rely on video evidence to present the claims in his Amended Complaint, and he contests the editing or view of the video evidence, asserting that Exhibit One shows only part of the incident. As such, Plaintiff's request to strike Exhibit One is granted to the extent that the Court declines to consider that extrinsic evidence when addressing Defendant Campos's Motion to Dismiss.[2]

As to Defendant Campos's argument that Plaintiff fails to state a plausible claim for relief, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates," <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994), but this does not make them "guarantor[s] of [prisoners'] safety," <u>Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga.</u>, 400 F.3d 1313, 1321 (11th Cir. 2005). As such, prison officials are not constitutionally liable for every inmate attack. <u>Farmer</u>, 511 U.S. at 832.

---

[2] The Court's ruling here does not prevent the Court from considering properly submitted evidence on summary judgment.

Instead, it is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." <u>Id.</u> at 828 (citations omitted). The Eleventh Circuit has explained the requirement of deliberate indifference to a substantial risk of serious harm as follows:

> To succeed on a failure-to-protect claim, a plaintiff must satisfy three elements. First, the plaintiff must show that [he] was "incarcerated under conditions posing a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 834. Second, the plaintiff must show that the "prison official [had] a sufficiently culpable state of mind," amounting to "deliberate indifference." <u>Id.</u> (internal quotation marks omitted). Third, and finally, the plaintiff must demonstrate causation—that the constitutional violation caused [his] injuries. <u>Caldwell v. Warden, FCI Talladega</u>, 748 F.3d 1090, 1099 (11th Cir. 2014).

<u>Cox v. Nobles</u>, 15 F.4th 1350, 1357–58 (11th Cir. 2021) (citations modified). To show a defendant had "a sufficiently culpable state of mind" that amounts to "deliberate indifference," a plaintiff must show that "the defendant acted with 'subjective recklessness as used in the criminal law," meaning "that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." <u>Wade v. McDade</u>, 106 F.4th

1251, 1261 (11th Cir. 2024) (enumeration and emphasis omitted);[3] Nevertheless, "even if the defendant actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 1261; see Stalley v. Cumbie, 124 F.4th 1273, 1283 (11th Cir. 2024) (recognizing that to prevail on a deliberate indifference claim, a plaintiff must show that he suffered "an objectively serious medical need," and that the defendant acted with deliberate indifference to that need, meaning that the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness" (internal quotations and citations omitted)).

Under this standard, "liability requires consciousness of a risk." Farmer, 511 U.S. at 840. The defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. As such, a prisoner-

---

[3] For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence" standard in determining whether an official acted with deliberate indifference to an inmate's serious medical need. Wade, 106 F.4th at 1255. In Wade, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard "as used in the criminal law." Id. at 1253. The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Id. at 1265 (Jordan, J., concurring).

10

plaintiff must point to evidence showing "the defendant prison official <u>actually</u> knew of a substantial risk of serious harm, not just that he <u>should have known</u>." <u>Wade</u>, 106 F.4th at 1257 (emphasis in original). A prison official cannot be held liable under the Eighth Amendment for not appreciating that a prisoner faced a substantial risk of serious harm, even if "the risk was obvious and a reasonable prison official would have noticed it." <u>Farmer</u>, 511 U.S. at 842 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment.").

Here, Plaintiff alleges that before the inmate attack, he advised Defendant Campos that he had received physical threats earlier that day. He contends that Campos knowingly disregarded Plaintiff's plea and actively enabled Inmate Burgess's attack on Plaintiff. Plaintiff's assertions suggest that Campos knew that not properly placing restraints on Inmate Burgess, releasing his custodial grasp on him while Plaintiff was nearby, and not checking Inmate Burgess for contraband or weapons before removing him from his cell, posed an obvious risk of harm to Plaintiff and that Campos acted deliberately indifferent to that risk. Thus, as this stage of the proceedings, taking Plaintiff's allegations as true, as the Court must, Plaintiff has sufficiently alleged a plausible failure to protect claim against Defendant Campos and the Motion to Dismiss is denied.

Accordingly, it is

**ORDERED:**

1.    Plaintiff's motion to strike Exhibit One of the Motion to Dismiss (Doc. 21) is **GRANTED to the extent stated herein**.

2.    Defendant Campos's Motion to Dismiss the Amended Complaint (Doc. 16) is **DENIED**.

3.    Defendant Campos must file an answer to the Amended Complaint by **June 6, 2025**. The Court will set further deadlines by separate order.

4.    Plaintiff's motion for a settlement conference (Doc. 24) is **DENIED without prejudice**. However, the parties are encouraged to discuss the possibility of settlement. If the parties settle the case, they must promptly notify the Court. Otherwise, if both parties believe that an early settlement conference with the United States Magistrate Judge may be beneficial, they shall file a notice by **June 6, 2025**. In discussing settlement, Plaintiff and Defendant are encouraged to maintain a realistic approach in making and/or considering any settlement offers.

**DONE AND ORDERED** in Jacksonville, Florida, on May 14, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

12

Jax-7

C:    Tyson N. Watson, #195947
      Counsel of record